IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALYL BEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4050 |
| | : | |
| SAALIM CARTER, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                                **January 12, 2024**

Plaintiff Khalyl Bey, a prisoner currently incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims and alleging that his rights were violated when Assistant District Attorney Saalim Carter ("Carter") committed perjury and defamed Bey's character during a hearing before Philadelphia Court of Common Pleas Judge Tamika Washington. Bey seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bey leave to proceed *in forma pauperis*, dismiss his Complaint with prejudice for failure to state a claim, and deny his request to appoint counsel.

**I.      FACTUAL ALLEGATIONS**[1]

Public dockets reflect that a criminal proceeding in the Philadelphia Court of Common Pleas was initiated against Bey on January 31, 2023, in connection with offenses that allegedly occurred on January 13, 2023. *Commonwealth v. Bey*, CP-51-CR-0000850-2023 (C.P. Phila.).

---

[1] The following allegations are taken from the Complaint and public records of which the Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

1

According to the state court docket, Bey was arrested on January 14, 2023, and charged with carrying a firearm without a license, possession of a prohibited firearm, and carrying a firearm on public streets or property in Philadelphia. (*Id.*) Bey was formally arraigned, and an information was filed as to all charges by District Attorney Larry Krasner on February 10, 2023. (*Id.*) Bey is represented by the Defender Association of Philadelphia, and it appears from the state court docket that a Motion for Release Pursuant to Rule 600 was filed on behalf of Bey on July 24, 2023. (*Id.*) On August 3, 2023, Judge Washington denied the motion for release. (*Id.*) Bey is awaiting trial that is currently scheduled for February 20, 2024. (*Id.*)

In his Complaint, Bey names Carter as the sole Defendant. (Compl. (ECF No. 2) at 2-3.)[2] He asserts that Carter violated his "Eighth Amendment and Constitutional right of protection from cruel and unusual punishment" by committing perjury during an August 3, 2023 hearing before Judge Washington. (*Id.* at 3-4.) More specifically, Bey avers that "Carter falsely stated under oath that [Bey] had two open domestic violence cases" in Delaware County and improperly labeled Bey as a "menace to society." (*Id.* at 4.) Bey avers that as a result of "Carter's false accusations," Judge Washington "denied [his] rule 600 motion for release on nominal bail." (*Id.*) Bey further avers that Carter did not provide Judge Washington with any paperwork to support his assertion that Bey had two open domestic violence cases in Delaware County. (*Id.*)

Based on these allegations, Bey brings claims pursuant to 42 U.S.C. § 1983 for "cruel and unusual punishment, defamation of character, perjury, and pain and suffering." (*Id.* at 5.) Bey asserts that Carter's violation of his constitutional rights, which resulted in the denial of his Rule 600 motion for nominal bail, caused Bey to be "incarcerated longer" and also caused Bey to

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

suffer multiple asthma attacks, mental distress, and high blood pressure. (*Id.*) Bey seeks approximately $75,000 in monetary damages, allegedly for pain and suffering and loss of his "property and job." (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[3] However, because Bey is currently incarcerated, he will be obligated to pay the filing fee in installments as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

III.   DISCUSSION

Bey asserts constitutional claims against Carter.[4] The vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Bey's claims against Carter are based upon Carter's conduct during the course of criminal proceedings, particularly with respect to arguing for Bey's pretrial detention. However, prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity for prosecutors is broad and extends to cover the decision to initiate a prosecution, *id.*, 424 U.S. at 431, as well as presenting a state's case at trial, *id.*, appearing before a judge to present evidence, *see Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020), presenting argument at a pretrial detention hearing, *see Adams v. Boden*, No. 18-4408, 2018 WL 5923448, at *3 (E.D. Pa. Nov. 9, 2018),[5] and even "soliciting false testimony from witnesses in

---

[4] In drafting his Complaint, Bey checked and circled "Federal Questions" on the form complaint indicating that he seeks to invoke the Court's federal question jurisdiction. (Compl. at 3.)

[5] "Prosecutors are absolutely immune from claims challenging their role in advocating for a certain level of bail." *See Lane v. Jenkins*, No. 10-2149, 2011 WL 6425314, at *3 (E.D. Pa. Dec. 20, 2011); *Santos v. New Jersey*, No. 09-1804, 2009 WL 2778320, at *4 (D.N.J. Aug. 31, 2009), *aff'd,* 393 F. App'x 893 (3d Cir. 2010) (finding prosecutor was entitled to absolute immunity when plaintiff argued she sought "an excessive bail and delayed the trial," as such actions fell "within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution against [the plaintiff]."); *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1149-50 (2d Cir. 1995) (concluding that "actions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity");

4

grand jury proceedings and probable cause hearings[.]" *See Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992). "Prosecutorial immunity applies even if the prosecutor acted willfully, maliciously, or in bad faith." *Gibbs v. Deckers*, 234 F. Supp. 2d 458, 462 (D. Del. 2002) (citing *Imbler*, 424 U.S. at 427, 428 n. 27; *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 502 (3d Cir. 1997)). Because the conduct at issue occurred during the course of Carter's representation of the Commonwealth in Bey's criminal proceedings, Carter is entitled to absolute immunity, and the claims against him must be dismissed with prejudice.

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Bey leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be with prejudice because the Court concludes that amendment would be futile. Bey's motion to appoint counsel is denied. An appropriate Order follows.

**BY THE COURT:**

*S/KAI N. SCOTT*
**KAI SCOTT, J.**

---

*Spruill v. Castille*, No. 91-7521, 1992 WL 17465, at *1 (E.D. Pa. Jan. 27, 1992) ("Defendant Clark's actions at the bail hearing were within the scope of his duties as a prosecutor and therefore he is entitled to absolute immunity."); *Brightwell v. Marino*, No. 92-1829, 1992 WL 96323, at *1 (E.D. Pa. Apr. 24, 1992) (Prosecutor's opposition to "nominal bail" is clearly within the scope of his or her duties in initiating and pursuing a prosecution).

5